Totten, J.,
delivered the opinion of tlie court.
This suit was instituted by Magness against Tyree, before a justice of DeKalb'. There was judgment for the plaintiff, and defendant appealed to the circuit court, where, in a trial de novo, there was again judgment for the plaintiff, and'defendant appealed in error to this court.
1. The action is founded on a note executed by Youngblood and Tyree to one Ym. Donn, and by him assigned to plaintiff. The note was present at the trial before the justice, but not at the trial before the circuit court, and secondary evidence of its contents was admitted, to which the defendant excepted.
Cantrell, a witness, stated that he had made diligent search in the clerk’s office, and was unable to find the note; the plaintiff then presented his affidavit, stating the loss of the note, and that it had not been assigned. This affidavit was not sworn to before the court, but before a justice, where the cause was not pending.
This is a preliminary question in the trial of a cause, and it is the province of the Judge, not the jury, to determine from the proof, whether there is a reasonable presumption that the paper has been lost. 3h the present .case, the proof did not warrant the presumption, and secondary evidence was therefore inadmissible. If there be no ground of' suspicion that the paper is suppressed, ordinary diligence to produce it will be deemed sufficient, and what is proper diligence must depend much upon the circumstances of the case. 4 Phil. Ev., C. & H. notes, 441.
*278 We are to presume that this note was deposited with the clerk, with the other papers in the suit; for that was the official duty of the justice. A search by the clerk among his official papers, which proves to be fruitless, is jprima fade sufficient diligence. But it must appear that the clerk or person having the legal custody of the papers, had made the search and been called upon to account for the lost paper. This does not appear in the present case.
It was also material that the plaintiff make affidavit to the fact of the loss. The affidavit produced was no compliance with this rule; for being made before a justice, where the suit was not pending, it was merely voluntary, and had no legal connection with the suit.
2. Before the present suit, this note had been assigned by said Magness to one Cantrell, who sued the makers, and judgment was rendered against him. He then erased the assignment and returned the note to Magness, who, claiming to be remitted to his • original rights, instituted thereon the present suit. This matter was relied upon as a defense in bar, but the court overruled the defense, and instructed the jury that it was no bar to the present suit. If the former judgment was a decision upon the merits, upon a cause of defense that existed against the note before the assignment, and the assignor was notified of such defense, so as to enable him to litigate the matter with the defendant, we should consider it a bar to the present suit, otherwise not; for the assignee succeeded to the interest of the assignor, and held in privity with him. The instruction given to the jury in this respect was therefore erroneous.
*279 The judgment will be reversed and the cause be remanded.
Judgment reversed.